UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYLEE KOONTZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TOWN OF FAIRFAX, et al.,<br><br>        Defendants. | Case No.  25-cv-01311-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Plaintiff Shaylee Koontz, who is representing herself, filed suit to enjoin the Town of Fairfax and three Fairfax officials (together "Defendants"), from abating her encampment under a new Fairfax anti-camping ordinance. *See* Fairfax Mun. Code §§ 9.30.010–9.30.080 (the "Ordinance").  The Court previously denied Koontz's request for injunctive relief, finding that Koontz had not raised a serious question going to the merits of her state-created danger and ADA claims.  *See Koontz, v. Town of Fairfax*, No. 25-cv-01311-RFL, 2025 WL 1766046 (N.D. Cal. Apr. 1, 2025) ("*Koontz I*").  The facts of the case are described at length in *Koontz I*, and therefore are not repeated here.  Defendants move to dismiss under Rule 12(b)(1) and 12(b)(6).  (Dkt. No. 26.)  For the reasons discussed below, the motion is **GRANTED**.

*Legal Standard.*  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] must . . . suggest that the claim has at least a plausible chance of success."  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quotation omitted).  Under Rule 12(b)(6), the court "accept[s] factual allegations in the

complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Facial attacks on subject matter jurisdiction under Rule 12(b)(1) are subject to the same standard of review as applies under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In deciding motions to dismiss, courts in the Ninth Circuit must liberally construe complaints by *pro se* plaintiffs. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that courts have an obligation, "where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).

***State-Created Danger Claim.*** The parties raise substantially the same arguments regarding Koontz's state-created danger doctrine as they did during the preliminary injunction phase. Therefore, for the reasons explained in greater detail in *Koontz I*, the state-created danger claim is not ripe because the Court cannot determine what particular circumstances, if any, of Defendants' potential future enforcement of the Ordinance as to Koontz would place her in "particularized danger" that she did not previously experience. *See Koontz I*, 2025 WL 1766046, at *6–7. At present, "it is not at all clear how the [Ordinance] would be applied to [Koontz or] whether the [Ordinance] would be applied unconstitutionally." *See Underwood v. Mackay*, 614 F. App'x 871, 872 (9th Cir. 2015); *see also Wills v. City of Monterey*, 617 F. Supp. 3d 1107, 1124 (N.D. Cal. 2022) (plaintiff failed to allege state-created danger where the enforcement action had not exposed plaintiff "to a danger which she would not have otherwise faced"). Dismissal of this claim is without leave to amend, because amendment would be futile at this time. Koontz does not represent that she could allege the Ordinance has been enforced against her or will be imminently enforced in a manner that allows the Court to assess the circumstances of the future enforcement.

***Substantive Due Process Claim.***  In addition to the state-created-danger claim, the Complaint raises a second Fourteenth Amendment challenge to the Ordinance:  Koontz states that because she is involuntarily homeless, she will necessarily violate the Ordinance without any *mens rea*, which she alleges as a substantive due process violation.  (Compl. ¶ 52; Dkt. No. 50 at 13.)  This claim is likewise unripe.  As alleged, no one, including Koontz, has been subject to the Ordinance and it is therefore unknown whether Koontz will be involuntarily homeless if and when the Ordinance is enforced against her.  *See Underwood*, 614 F. App'x at 872 (affirming dismissal where statute had not been applied to plaintiffs because the claim was "too speculative and hypothetical to be fit for review").  For example, Plaintiff attaches to her Complaint a Fairfax Town Counsel Meeting Staff Report which states that "[t]he Town continues to partner with the County of Marin in the commitment to provide a holistic approach where enforcement of an anti-camping ordinance is only one aspect.  The resources provided by the County and various local nonprofits strive to ensure access to shelters, housing programs, and other essential services."  (Dkt. No. 1 at pp. 21–22.)[1]  The Complaint also alleges that several individuals who previously lived in the camp with Koontz have "obtained permanent housing."  (*Id.* at p. 5.)  Because it is unknown, at this point, whether the Ordinance will be enforced against Koontz while she is experiencing involuntarily homelessness, the claim is unripe.  Dismissal of this claim is without leave to amend for the same reasons stated above.

***Unpled Void for Vagueness Claim.***  In opposition to dismissal, Koontz asserts a third Fourteenth Amendment claim: a void for vagueness challenge to the Ordinance based on the fact that the Ordinance does not define the term "living accommodations."  (Dkt. No. 50 at 13–14.)  This claim is not alleged in the Complaint, and is therefore not properly before the Court.  *See Matthews v. Apple, Inc.*, 769 F. Supp. 3d 999, 1015 (N.D. Cal. 2024) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.") (quotation omitted).  To the extent Koontz's assertion is construed as a request for leave to amend her Complaint, such an amendment would be futile because the allegations of the Complaint

---

[1] All citations to page numbers refer to ECF pagination.

preclude her from stating a claim on that basis.  Even when a plaintiff is *pro se*, "a court should not grant leave to amend if the complaint could not be amended 'without contradicting any of the allegations of [the] original complaint.'"  *Hawkins v. Thomas*, No. 09-cv-1862, 2012 WL 1945235, at *4 (C.D. Cal. Mar. 14, 2012) (quoting *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)), *report and recommendation adopted as modified,* 2012 WL 1944828 (C.D. Cal. May 29, 2012).

The void-for-vagueness doctrine requires that laws be written to give "a person of ordinary intelligence fair notice of what is prohibited," and not be "so standardless that it authorizes or encourages seriously discriminatory enforcement."  *United States v. Williams*, 553 U.S. 285, 304 (2008).  A court "may reject a vagueness challenge when it is clear what the ordinance as a whole prohibits."  *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (citation omitted).  The Ordinance prohibits "any person to camp or to maintain an encampment in or upon any public property."  Fairfax Mun. Code § 9.30.050(A).  "Camp" is defined as "[t]o pitch, erect, or occupy an encampment, or to use camp paraphernalia or both, for the purpose of, or in a way that facilitates *outdoor sheltering for living accommodation purposes or for remaining outdoors overnight*."  Fairfax Mun. Code § 9.30.020 (emphasis added).  Camping paraphernalia is defined as "personal property used to facilitate occupancy of an area" and includes a list of specific examples such as "cots" and "cooking equipment."  *Id.*

The ordinance, as a whole, is clear as applied to the conduct Koontz seeks to continue to engage in, which she describes in the Complaint as "liv[ing] at an encampment." (Dkt. No. 1 at 2.)  The term "outdoor sheltering for living accommodation purposes," is one that a person of ordinary intelligence is able to interpret, is not impermissibly vague in the context of the Ordinance as a whole, and gives Koontz fair notice that her conduct, as alleged in the Complaint, falls within its scope.  While Koontz argues that "identical conduct may be legal or criminal" under the Ordinance, that does not save her claim.  (Dkt. No. 50 at 14.)  A "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *See Kashem v. Barr*, 941 F.3d 358, 373, 377 (9th Cir. 2019) (noting

4

that this rule applies unless there are "exceptional circumstances" involving unusual statutory language not applicable here). Nor does Koontz identify how application of the Ordinance would result in arbitrary or discriminatory enforcement as to her, as there has not yet been an attempt to apply the Ordinance to her. *Id.* at 374. In sum, given the allegations of the Complaint, it is futile for Koontz to assert a void-for-vagueness claim, at least at this juncture.

*Unpled Deliberate Indifference Claim.* Koontz's Opposition also references the term "deliberate indifference" (Dkt. No. 50 at 14–15), though she has not alleged a claim on that basis. Koontz argues that, depending on when and how her encampment is cleared, the weather could pose risks to her and she may face increased risk of violence. To the extent her Opposition could be construed as seeking leave to assert a deliberate indifference claim, it is unripe for the same reasons as her state-created danger claim.

Because the constitutional claims are dismissed without leave to amend, this Order does not reach the arguments in the Motion to Dismiss that are specific to the Individual Defendants, nor does it reach the issue of whether the other requirements for finding liability under *Monell* have been adequately alleged.

*ADA Claim.* The parties raise substantially the same arguments regarding Koontz's ADA claim as they raised during the preliminary injunction phase. *See Koontz I*, 2025 WL 1766046, at *4–6. Therefore, for the reasons explained in greater detail in *Koontz I*, the Court finds that Koontz has not plausibly alleged an ADA violation. With respect to Fairfax Municipal Code § 12.36.030 (the nighttime use permitting program), Koontz does not plausibly allege that she requested an accommodation for her disability, nor has she plausibly alleged that the program discriminates on the basis of disability. *Id.* at *4–5. With respect to Municipal Code § 9.30.060, Koontz's claim is not ripe because she has not yet been denied an accommodation with respect to any planned abatement of her camp. *Id.* at *5–6. Dismissal of this claim is without leave to amend, as Koontz does not represent that she could cure any of those deficiencies at this juncture, despite being on notice to them as a result of the preliminary injunction order.

*Section 1085 Claim.* To the extent Koontz asserts a separate claim for enforcement of

Fairfax Municipal Code § 12.36.030 under the California Code of Civil Procedure, this claim was abandoned by Koontz because she failed to address Defendants' motion to dismiss arguments.  *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) ("Plaintiffs' opposition failed to address their claim for unjust enrichment.  Accordingly, the Court deems this claim abandoned.").  Even if it had not been abandoned, in light of the dismissal of Koontz's Constitutional and ADA Claims, the Court declines to exercise supplemental jurisdiction over this state law claim.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction.").

*Conclusion*.  For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED.**  Because the Fourteenth Amendment and ADA claims in the Complaint are dismissed as unripe, and the court declines to exercise supplemental jurisdiction over the state law claim, dismissal is without leave to amend and without prejudice.  *See S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990) (remanding with instructions to dismiss unripe claims "without prejudice for lack of jurisdiction").  In other words, Koontz may bring a new lawsuit if she develops ripe claims, and she may, if she wishes, pursue her state law claim in state court.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 18, 2025

RITA F. LIN
United States District Judge